No. 26-1283

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JUAN JOSE SOTO-MEDINA,

*Petitioner - Appellee*,

v.

KEVIN RAYCRAFT, in his official capacity as Acting Field Office Director, Detroit Field Office, U.S. Immigration and Customs Enforcement' MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security,

*Respondents - Appellants.*

On Appeal from the United States District Court
for the Western District of Michigan
No. 1:25-CV-01704

# MOTION TO CONSOLIDATE APPEALS AND FOR EXTENSION OF TIME TO FILE CONSOLIDATED APPELLANT BRIEF

TIMOTHY VERHEY
*United States Attorney*

ALISE HILDRETH-JOLING
*Assistant United States Attorney*
330 Ionia Ave. NW, Suite 501
Grand Rapids, Michigan 49503
(616) 456-2404

**<u>Motion to Consolidate Appeals and for Extension of Time to File Consolidated Appellant Brief</u>**

Respondents-Appellants respectfully request that this Court consolidate Respondents-Appellants' pending appeal with *Jaimes v. King*, et al., 26-1821 (6th Cir.) on appeal from the United States District Court for the Eastern District of Michigan, No. 2:26-cv-11327, and move for an extension of time to file a consolidated appellant brief that will address both appeals. For the reasons below, consolidation will serve the interests of judicial economy and consistency in resolution.

1. In *Soto-Medina v. Raycraft*, No. 26-1283, the district court granted Petitioner-Appellee a writ of habeas corpus after concluding the government must bear the burden of proof by clear and convincing evidence in custody redetermination proceedings under 8 U.S.C. § 1226(a) to comport with due process. (Opinion, R. 8 PageID # 76 – 88.).

2. Similarly, in *Jaimes v. King*, No. 26-1821, the district court ruled that due process requires the government to bear the burden of proving by clear and convincing evidence that a petitioner is a danger to society or a flight risk in 8 U.S.C. § 1226(a) custody redetermination proceedings.

3. The Respondents-Appellants' challenges in both appeals involve overlapping factual and legal questions, including what burden and standard of proof applies in custody redetermination proceedings under 8 U.S.C. § 1226(a). Addressing Respondents-Appellants' challenges in a single response brief will promote judicial economy, and consolidation will ensure that the issues are given consistent treatment.

4. The Respondents-Appellants' brief in *Soto-Medina v. Raycraft*, No. 26-1283 is currently due October 19, 2026. The Respondents-Appellants' brief in *Jaimes v. King*, No. 26-1821 is currently due November 10, 2026. The issues that Respondents-Appellants raise in both appeals are similar, important, and require a response that fully addresses the legal and factual issues presented. Consequently, the Department of Justice, Office of Immigration Litigation (OIL) intends to take over the consolidated briefing as the undersigned will be leaving imminently on parental leave. To provide the Court with a comprehensive review of the record and the law, Respondents-Appellants seek an extension of time.

WHEREFORE, Respondents-Appellants respectfully request that these appeals be consolidated, and request that the court set a new

deadline for Respondents-Appellants to file their consolidated brief, 60 days after the court acts on this motion. In the event the court denies this motion to consolidate, Respondents-Appellants alternatively request a 30-day extension of the current deadline, through and including November 18, 2026, to allow OIL time to take over this appeal from undersigned counsel.

Respectfully submitted,

TIMOTHY VERHEY
United States Attorney

Dated: October 13, 2026

/s/ *Alise Hildreth-Joling*
ALISE HILDRETH-JOLING
Assistant United States Attorney
Post Office Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404
Alise.Hildreth-Joling@usdoj.gov
Attorney for Respondents-Appellants

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2026, the foregoing document was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

I further certify that a copy of the foregoing document was mailed on this date to the opposing party if he/she was not registered to receive the document by the Court's electronic filing system.

*/s/ Alise Hildreth-Joling*
ALISE HILDRETH-JOLING
Assistant United States Attorney
United States Attorney's Office
Post Office Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404

## **CERTIFICATE OF COMPLIANCE**

Pursuant to FED. R. APP. P. 27(d)(2)(A), I certify that the foregoing was prepared using 14-point Century Schoolbook type, is proportionally spaced and contains fewer than 5,200 words.

*/s/ Alise Hildreth-Joling*
ALISE HILDRETH-JOLING
Assistant United States Attorney
United States Attorney's Office
Post Office Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404